IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, IPR PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA, <br><br> Plaintiffs, <br><br> v. <br><br> COBALT PHARMACEUTICALS INC., and COBALT LABORATORIES INC., <br><br> Defendants. | Civil Action No.: 07-811-JJF-LPS |

**PLAINTIFFS' REPLY TO DEFENSES AND COUNTERCLAIMS OF
COBALT PHARMACEUTICALS INC. AND COBALT LABORATORIES INC.**

Plaintiffs, AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals, Inc., and Shionogi Seiyaku Kabushiki Kaisha (collectively, "Plaintiffs"), through their undersigned counsel, reply to separate defenses and counterclaims of Defendants, Cobalt Pharmaceuticals Inc. and Cobalt Laboratories Inc. (collectively, "Cobalt") as follows.

**ANSWER TO SEPARATE DEFENSES**

**First Defense - Invalidity of the '314 Patent**

1. One or more claims of the '314 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 102, 103, 112 and/or 251.

**Answer:** Plaintiffs deny the allegations in Paragraph 1.

**Second Defense - Inequitable Conduct**

2. The '314 patent is unenforceable for inequitable conduct.

**Answer:** Plaintiffs deny the allegations in Paragraph 2.

3. United States Patent No. 5,260,440 (the "'440 patent") is the patent from which the '314 patent was reissued.

**Answer:** Plaintiffs admit the allegations in Paragraph 3.

4. The application from which the '440 patent ultimately issued was filed on June 12, 1992.

**Answer:** Plaintiffs admit that United States Patent Application No. 07/897,793 ("the '793 application") from which the '440 patent ultimately issued was filed on June 12, 1992.

5. European Patent Application 0 521471 (the "'471 application"), is a European Patent Application corresponding to the '440 patent.

**Answer:** Plaintiffs admit that the '471 application is a foreign counterpart to the '793 application. Plaintiffs deny the remaining allegations of Paragraph 5.

6. On October 10, 1992, a search report (the "Search Report") issued in connection with the prosecution of the '471 application.

**Answer:** Plaintiffs admit that an European Search Report issued in October 1992 in connection with the European prosecution of the '471 application. Plaintiffs otherwise deny the allegations in Paragraph 6.

7. The Search Report identified EP 895 and indicated that EP 895 was "particularly relevant" to claims 1, 7, 8, and 9.

**Answer:** Plaintiffs admit that in the European Search Report, EP-A-0 367 895 (SANDOZ) was categorized in reference to claims "1, 7-9" in accordance with European patent practice on a form which contained pre-printed text reading "X : particularly relevant if taken alone." Plaintiffs deny the remaining allegations in Paragraph 7.

8. EP 895 is prior art to the '314 patent.

**Answer:** Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that EP 895 was published more than one year prior to the filing of the Japanese patent application from which the '440 patent claims priority. Plaintiffs deny the remaining allegations in Paragraph 8.

3

9.  Both the Search Report and EP 895 are documents highly material to claims in both the '440 patent and the '314 patent.

**Answer:**  Paragraph 9 contains legal conclusions to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations in Paragraph 9.

10.  The applicants admitted during the '314 reissue proceeding that EP 895 anticipated some claims of the '440 patent.

**Answer:**  Plaintiffs admit that the Reissue Application Declaration By the Assignee filed with the '314 patent reissue application contains the statement, "Patentee claimed more than he had a right to claim by reason of the disclosure of European Patent Application 0 367 895, published May 16, 1990." Plaintiffs deny the remaining allegations in Paragraph 10.

11.  Upon information and belief, individuals associated with the prosecution of the '440 patent knew of the existence of both the Search Report and EP 895 during the prosecution of the '440 patent.

**Answer:**  Plaintiffs deny the allegations in Paragraph 11.

12.  Support for this belief is based in part on the similarity between the attorney docket number identified in the '440 prosecution on one hand, and the attorney docket number identified on a copy of EP 895 that was supplied to the Canadian Patent Office during the prosecution of the Canadian counterpart to the '440 patent, on the other hand. This is evidence that EP 895 was provided to someone associated with the prosecution of the '440 patent.

**Answer:**  Plaintiffs admit that a copy of the cover page of EP 895 was supplied to the Canadian Patent Office on December 11, 1997. Plaintiffs deny the remaining allegations in Paragraph 12.

13.  No one associated with prosecution of the '440 patent submitted either the Search Report or EP 895 to the United States Patent and Trademark Office ("PTO") during prosecution of the '440 patent.

**Answer:**  Plaintiffs admit that the European Search Report and EP 895 were not submitted to the PTO during prosecution of the '440 patent.

14.  The failure to disclose the Search Report or EP 895 to the United States Patent Office during prosecution of the '440 patent amounts to a material and misleading representation on the part of one or more persons who owed a duty of candor to the PTO.

      **Answer:**    Paragraph 14 contains legal conclusions to which no response is required.

To the extent that a response is required, Plaintiffs deny the allegations in Paragraph 14.

      15.    Upon information and belief, the failure to disclose the Search Report and EP 895 was intentional and was intended to deceive or mislead the United States Patent Office.

      **Answer:**    Plaintiffs deny the allegations in Paragraph 15.

      16.    Support for the allegations that the failure to disclose the Search Report and EP 895 was intentional and intended to deceive or mislead the PTO comes at least from the highly material nature of the Search Report and EP 895.

      **Answer:**    Paragraph 16 contains legal conclusions to which no response is required.

To the extent that a response is required, Plaintiffs deny the allegations in paragraph 16.

      17.    Further support for the allegations that the failure to disclose the search report and EP 895 was intentional and intended to deceive or mislead the PTO comes from comparing the behavior of the '440 patent inventors and prosecuting law firm during the prosecution of the '440 patent, with their behavior during another prosecution.

      **Answer:**    Paragraph 17 contains legal conclusions to which no response is required.

To the extent that a response is required, Plaintiffs deny the allegations in paragraph 17.

      18.    Specifically, during prosecution of what became United States Patent No. 5,128,366 (the "'366 patent"), the attorneys disclosed a search report from a corresponding European Patent Application; this report cited certain references as background material.

      **Answer:**    Plaintiffs admit that an European search report with background

references was submitted during the prosecution of the application that issued as the '366 patent.

Plaintiffs deny the remaining allegations in Paragraph 18.

      19.    During this prosecution, the attorneys also disclosed to the examiner the "background" references cited in that search report.

      **Answer:**    Plaintiffs admit that during prosecution of the application that issued as

the '366 patent, the references cited in the European Search Report dated October 15, 1991 from

European Patent Application, EP 91 11 1221 were provided to the PTO. Plaintiffs deny the remaining allegations in Paragraph 19.

20. The failure of those same inventors and attorneys to disclose the October 10, 1992 Search Report or the EP 895 reference during the '440 patent prosecution suggests an intent to mislead the PTO, especially in light of the fact that the EP 895 reference was cited in the October 10, 1992 search report as "particularly relevant", as opposed to mere background material.

**Answer:** Plaintiffs deny the allegations in Paragraph 20.

### Third Defense - Lack of Subject Matter Jurisdiction

21. The Court lacks subject matter jurisdiction over Count II of the Complaint, purporting to allege future infringement under 35 U.S.C. § 271(a). The factual allegations of the Complaint (as opposed to the mere conclusions of law) fail to establish a basis for jurisdiction under the Declaratory Judgment Act. Among other things, those allegations fail to establish the requisite immediacy and reality for an Article III case or controversy under the Act.

**Answer:** Plaintiffs deny the allegations in Paragraph 21.

### Fourth Defense - Failure to State a Claim

22. Count II of the Complaint fails to state a claim upon which relief can be granted.

**Answer:** Plaintiffs deny the allegations in Paragraph 22.

### ANSWER TO COUNTERCLAIMS

### The Parties

1. Defendant/Counterclaim-Plaintiff Cobalt Pharmaceuticals is a corporation duly organized and existing under the laws of Canada, having its principal place of business at 6500 Kitimat Road, Mississauga, Ontario, Canada, L5N 2B8.

**Answer:** On information and belief, Plaintiffs admit the allegations in Paragraph 1.

2. Defendant/Counterclaim-Plaintiff Cobalt Laboratories is a corporation operating and existing under the laws of Delaware with its principal place of business at 24840 South Tamiami Trail, Suite 1, Bonita Springs, Florida 34134 USA.

**Answer:** On information and belief, Plaintiffs admit the allegations in Paragraph 2.

3. According to the Complaint, Plaintiff/Counterclaim-Defendant IPR Pharmaceuticals, Inc. ("IPR") is a corporation operating and existing under the laws of Puerto Rico with its principal place of business at Carr 188 Lote 17, San Isidro Industrial Park, Canovanas, Puerto Rico 00729.

**Answer:**   Plaintiffs admit the allegations in Paragraph 3.

4. According to the Complaint, Plaintiff/Counterclaim-Defendant AstraZeneca Pharmaceuticals LP is a corporation operating and existing under the laws of Delaware with its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19803 USA.

**Answer:**   Plaintiffs admit the allegations in Paragraph 4.

5. According to the Complaint, Plaintiff/Counterclaim-Defendant AstraZeneca UK is a corporation operating and existing under the laws of the United Kingdom with its principal place of business at 15 Stanhop Gate, London W1K 1LN, England.

**Answer:**   Plaintiffs admit the allegations in Paragraph 5.

### Jurisdiction & Venue

### *Case or Controversy*

6. Defendants/Counterclaim-Plaintiffs are entitled to bring and maintain the instant counterclaims for declaratory judgment of non-infringement, patent invalidity and unenforceability under, inter alia, 21 U.S.C. § 355(c)(3)(C)(D)(i)-(ii), 35 U.S.C. § 271(e)(5), and 28 U.S.C. § 2201.

**Answer:**   Paragraph 6 contains legal conclusions to which no response is required. To the extent that a response is required, Plaintiffs admit that this Court has declaratory judgment jurisdiction for the instant counterclaims asserted by Cobalt as to the '314 patent under, *inter alia*, 21 U.S.C. § 355(c)(3)(C)(D)(i)-(ii), 35 U.S.C. § 271(e)(5), and 28 U.S.C. § 2201. Plaintiffs deny the remaining allegations of Paragraph 6 and deny that the counterclaims are valid and sustainable.

7. On information and belief, IPR, AstraZeneca Pharmaceuticals LP, and AstraZeneca UK hold all substantial rights in United States Patent No. RE37,314 ("the '314 patent"), including the right to sue for infringement thereof.

**Answer:**   Plaintiffs deny the allegations in Paragraph 7.

8. According to the Complaint, AstraZeneca is the United States Agent for IPR.

**Answer:** Plaintiffs admit that AstraZeneca Pharmaceuticals LP is IPR's authorized agent for matters related to NDA No. 021366. Plaintiffs otherwise deny the allegations in Paragraph 8.

9. On information and belief, Plaintiffs/Counterclaim-Defendant IPR and AstraZeneca hold all substantial rights in U.S. Patent No. 6,316,460 ("the '460 patent," attached hereto as Exhibit 1), including the right to sue for infringement thereof.

**Answer:** Plaintiffs have moved to dismiss Defendants' counterclaim against the '460 patent for lack of case or controversy. Any answer to allegations concerning the '460 patent will be made pursuant to Fed. R. Civ. P. 12(a)(4).

10. One or more Plaintiffs/Counterclaim-Defendants caused the '314 and '460 patents to be listed in the FDA's "Orange Book," in association with Crestor® rosuvastatin calcium tablets.

**Answer:** Plaintiffs admit the allegations contained in Paragraph 10 as to the '314 patent. With regard to the '460 patent, Plaintiffs have moved to dismiss Defendants' counterclaim against the '460 patent for lack of case or controversy. Any answer to allegations concerning the '460 patent will be made pursuant to Fed. R. Civ. P. 12(a)(4).

11. As a consequence of listing the '314 and '460 patents in the FDA's "Orange Book," Plaintiffs/Counterclaim-Defendants were and are representing to the world that the '314 and '460 patents claim the approved drug product, and that patent infringement actions relating to each of these Orange Book patents could reasonably be expected to be brought against unlicensed filers of New Drug Applications for which patent certification would be required.

**Answer:** Paragraph 11 contains legal conclusions to which no response is required. To the extent that a response is required, Plaintiffs admit that the '314 patent is listed in the FDA's Orange Book. With regard to the '460 patent, Plaintiffs have moved to dismiss Defendants' counterclaim against the '460 patent for lack of case or controversy. Any answer to allegations concerning the '460 patent will be made pursuant to Fed. R. Civ. P. 12(a)(4). Plaintiffs deny the remaining allegations in Paragraph 11.

8

12. On information and belief, Plaintiffs/Counterclaim-Defendants have enforced and continue to enforce vigorously their alleged intellectual property rights by filing patent infringement actions, including the infringement action purportedly alleged in the Complaint.

**Answer:** Plaintiffs admit that they have lawfully enforced their intellectual property rights by, *inter alia*, filing patent infringement actions, including the present action. Plaintiffs deny the remaining allegations in Paragraph 12.

13. Cobalt Pharmaceuticals submitted Abbreviated New Drug Application ("ANDA") No. 79-167 to the United States Food and Drug Administration ("FDA").

**Answer:** On information and belief, Plaintiffs admit the allegations in Paragraph 13.

14. Cobalt Pharmaceuticals certified to the FDA in its ANDA No. 79-167 that its proposed rosuvastatin calcium product will not infringe any valid and enforceable claim contained in the '314, and '460 patents, and that the claims of the '314 and '460 patents were not infringed, were invalid, and/or were not enforceable.

**Answer:** On information and belief, Plaintiffs admit the allegations in Paragraph 14 as to the '314 patent. With regard to the '460 patent, Plaintiffs have moved to dismiss Defendants' counterclaim against the '460 patent for lack of case or controversy. Any answer to allegations concerning the '460 patent will be made pursuant to Fed. R. Civ. P. 12(a)(4).

15. Defendants/Counterclaim-Plaintiffs notified Plaintiffs/Counterclaim-Defendants of the factual and legal bases for Cobalt Pharmaceutical's certifications with respect to the '314 and '460 patents in a letter of October 29, 2007 (the "Notice Letter").

**Answer:** Plaintiffs admit that, by letter received in October 2007, Cobalt Pharmaceuticals notified Plaintiffs of the certifications with respect to the '314 patent. With regard to the '460 patent, Plaintiffs have moved to dismiss Defendants' counterclaim against the '460 patent for lack of case or controversy. Any answer to allegations concerning the '460 patent will be made pursuant to Fed. R. Civ. P. 12(a)(4). Plaintiffs deny the remaining allegations in Paragraph 15.

16. The Notice Letter included an offer of confidential disclosure pursuant to 21 U.S.C. § 355(c)(3)(D)(i)(III).

    **Answer:**    Plaintiffs admit the allegations in Paragraph 16.

    17.    By submitting certifications to the listed '314 and '460 patents in its ANDA No. 79-167, and notifying Plaintiffs/Counterclaim-Defendants of same, Cobalt Pharmaceuticals has created a case or controversy under Article III of the Constitution regarding the infringement, validity and/or unenforceability of these three patents.

    **Answer:**    Paragraph 17 contains legal conclusions to which no response is required. To the extent that an answer is required, Plaintiffs admit that there is a case or controversy concerning the '314 patent between Plaintiffs and Defendants. With regard to the '460 patent, Plaintiffs have moved to dismiss Defendants' counterclaim against the '460 patent for lack of case or controversy. Any answer to allegations concerning the '460 patent will be made pursuant to Fed. R. Civ. P. 12(a)(4). Plaintiffs deny the remaining allegations in Paragraph 17.

    18.    This case or controversy provided subject matter for Plaintiffs/Counterclaim-Defendants to bring and maintain a suit alleging infringement of the' 314 patent.

    **Answer:**    Plaintiffs admit the allegations in Paragraph 18.

    19.    It has been more than 45 days since Plaintiffs/Counterclaim-Defendants received Cobalt's October 29, 2007 letter. Plaintiffs/Counterclaim-Defendants have not alleged infringement of the '460 patent.

    **Answer:**    Plaintiffs have moved to dismiss Defendants' counterclaim against the '460 patent for lack of case or controversy. Any answer to allegations concerning the '460 patent will be made pursuant to Fed. R. Civ. P. 12(a)(4).

    20.    Plaintiffs/Counterclaim-Defendants have sued Defendants/Counterclaim-Plaintiffs for infringement of the '314 patent, and have not provided a covenant not to sue Defendants/Counterclaim-Plaintiffs for alleged infringement of the '460 patent.

    **Answer:**    Plaintiffs admit that they sued Cobalt for infringement of the '314 patent. Plaintiffs deny the remaining allegations in Paragraph 20.

    21.    Cobalt Pharmaceutical's certifications to the FDA provided the necessary case or controversy and subject matter jurisdiction for Defendants/Counterclaim-Plaintiffs to bring and

maintain the instant counterclaims for non-infringement, invalidity, and/or unenforceability of the '314 and '460 patents.

**Answer:** Paragraph 21 contains legal conclusions to which no response is required. To the extent that an answer is required, Plaintiffs admit that there is a case or controversy and subject matter jurisdiction concerning the '314 patent between Plaintiffs and Defendants. With regard to the '460 patent, Plaintiffs have moved to dismiss Defendants' counterclaim against the '460 patent for lack of case or controversy. Any answer to allegations concerning the '460 patent will be made pursuant to Fed. R. Civ. P. 12(a)(4). Plaintiffs deny the remaining allegations in Paragraph 21.

22. There is an actual, substantial and continuing justiciable case and controversy between Defendants/Counterclaim-Plaintiffs and Plaintiffs/Counterclaim-Defendants regarding infringement, invalidity, and unenforceability of the '314 and '460 patents, over which this Court can and should exercise jurisdiction and declare the rights of the parties.

**Answer:** Paragraph 22 contains legal conclusions to which no response is required. To the extent that an answer is required, Plaintiffs admit that there is case or controversy and subject matter jurisdiction concerning the '314 patent between Plaintiffs and Defendants. With regard to the '460 patent, Plaintiffs have moved to dismiss Defendants' counterclaim against the '460 patent for lack of case or controversy. Any answer to allegations concerning the '460 patent will be made pursuant to Fed. R. Civ. P. 12(a)(4). Plaintiffs deny the remaining allegations in Paragraph 22.

### *Subject Matter Jurisdiction and Venue*

23. This action arises under, inter alia, the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.; 28 U.S.C. §§ 2201 and 2202; 21 U.S.C. § 355(c)(3)(D)(i)-(ii) and 35 U.S.C. § 271(e)(5).

**Answer:** Plaintiffs admit that Defendants' counterclaims purport to arise under the patent laws of the United States, e.g. 35 U.S.C. §1 et seq.; 28 U.S.C. §§ 2201 and 2202; 21

U.S.C. § 355(c)(3)(D)(i)-(ii) and 35 U.S.C. § 271(e)(5), but deny that the counterclaims are valid or sustainable.

24.   This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a), because it involves substantial claims arising under the United States Patent Act, 35 U.S.C. §§ 1 et seq.; under 28 U.S.C. §§ 2201 and 2202 because it is an actual controversy concerning the infringement, validity and/or enforceability of the '314 and '460 patents; and under 21 U.S.C. § 355(c)(3)(D)(i)-(ii) and 35 U.S.C. § 271(e)(5) because Congress has directed that district courts maintain and exercise jurisdiction in such cases.

**Answer:**   Paragraph 24 contains legal conclusions to which no response is required. To the extent that a response is required, Plaintiffs admit that this Court has jurisdiction over the subject matter of actions arising under 28 U.S.C. §§ 1331 and 1338(a) with regard to the '314 patent. With regard to the '460 patent, Plaintiffs have moved to dismiss Defendants' counterclaim against the '460 patent for lack of case or controversy. Any answer to allegations concerning the '460 patent will be made pursuant to Fed. R. Civ. P. 12(a)(4). Plaintiffs deny the remaining allegations in Paragraph 24.

25.   This Court can and should declare the rights and legal relations of the parties regarding the '314 and '460 patents pursuant to, inter alia, 28 U.S.C. §§ 2201 and 2202 and 21 U.S.C. § 355(c)(3)(D)(i)-(ii) and 35 U.S.C. § 271(e)(5).

**Answer:**   Paragraph 25 contains legal conclusions to which no response is required. To the extent that a response is required, Plaintiffs admit that this Court can and should declare that the '314 patent is infringed, valid, and enforceable. With regard to the '460 patent, Plaintiffs have moved to dismiss Defendants' counterclaim against the '460 patent for lack of case or controversy. Any answer to allegations concerning the '460 patent will be made pursuant to Fed. R. Civ. P. 12(a)(4). Plaintiffs deny the remaining allegations in Paragraph 25.

26.   This Court has personal jurisdiction over Plaintiffs/Counterclaim-Defendants because each conducts substantial business in, and has regular and systematic contact with, this District, including conduct related to the marketing, distribution and/or sale of its pharmaceutical products in this District.

**Answer:** Plaintiffs admit that this Court has personal jurisdiction over Plaintiffs for purposes of this action only. Plaintiffs deny the remaining allegations in Paragraph 26.

27. This Court also has jurisdiction over Plaintiffs/Counterclaim-Defendants because they have availed themselves of the rights and privileges of this forum by filing numerous lawsuits in this District.

**Answer:** Plaintiffs admit that this Court has personal jurisdiction over Plaintiffs for purposes of this action only. Plaintiffs deny the remaining allegations in Paragraph 27.

28. This Court also has personal jurisdiction over Plaintiffs/Counterclaim-Defendants because each Plaintiff has consented to jurisdiction by bringing in this District an action against Cobalt which arises from the same events as these Counterclaims.

**Answer:** Plaintiffs admit that this Court has personal jurisdiction over Plaintiffs for purposes of this action only. Plaintiffs deny the remaining allegations in Paragraph 28.

29. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b).

**Answer:** Plaintiffs admit that venue is proper in this District for purposes of this action only.

### First Claim for Relief: Declaratory Judgment of Invalidity of the '314 Patent

30. Defendants/Counterclaim-Plaintiffs assert and reallege paragraphs 1 through 29 of the instant Counterclaims as if fully set forth herein.

**Answer:** Plaintiffs reassert and incorporate by reference their responses to Paragraphs 1 through 29 of the Counterclaims, as set forth above.

31. One or more claims of the '314 patent would have been obvious to one of skill in the relevant art in light of the prior art at the time the application from which the '314 patent issued was filed.

**Answer:** Plaintiffs deny the allegations in Paragraph 31.

32. Defendants/Counterclaim-Plaintiffs are entitled to a judicial declaration that one or more claims of the '314 patent are invalid under at least one of 35 U.S.C. §§ 102, 103, 112, and/or 251.

**Answer:** Plaintiffs deny the allegations in Paragraph 32.

**Second Claim for Relief: Declaratory Judgment of Invalidity of the '314 Patent**

33. Defendants/Counterclaim-Plaintiffs assert and reallege paragraphs 1 through 32 of the instant Counterclaims as if fully set forth herein.

**Answer:** Plaintiffs reassert and incorporate by reference their responses to Paragraphs 1 through 32 of the Counterclaims, as set forth above.

34. The '314 patent is a reissue of United States Patent No. 5,260,440 (the "'440 patent").

**Answer:** Plaintiffs admit the allegations in Paragraph 34.

35. One or more claims of the '314 patent are broader than the claims of the '440 patent.

**Answer:** Plaintiffs deny the allegations in Paragraph 35.

36. One or more claims of the '314 patent were added more than two years after the issuance of the '440 patent.

**Answer:** Plaintiffs admit the allegations in Paragraph 36.

37. Defendants/Counterclaim-Plaintiffs are entitled to a judicial declaration that one or more claims of the '314 patent are invalid under 35 U.S.C. § 251.

**Answer:** Plaintiffs deny the allegations in Paragraph 37.

**Third Claim for Relief: Declaratory Judgment of Unenforceability of the '314 Patent**

38. Defendants/Counterclaim-Plaintiffs assert and reallege paragraphs 1 through 37 of the instant Counterclaims as if fully set forth herein.

**Answer:** Plaintiffs reassert and incorporate by reference their responses to Paragraphs 1 through 37 of the Counterclaims, as set forth above.

39. Defendants/Counterclaim-Plaintiffs assert and reallege each and every allegation of its Second Defense as if fully set forth herein.

**Answer:** Plaintiffs reassert and incorporate by reference each and every reply to every allegation of Defendants' Second Defense, as set forth above.

40. Defendants/Counterclaim-Plaintiffs are entitled to a judicial declaration that the '314 patent is unenforceable for inequitable conduct.

14

      **Answer:**    Plaintiffs deny the allegations in Paragraph 40.

### Fourth Claim for Relief:
### Declaratory Judgment of Noninfringement or Invalidity of the '460 Patent

    41.    Defendants/Counterclaim-Plaintiffs assert and reallege paragraphs 1 through 40 of the instant Counterclaims as if fully set forth herein.

      **Answer:**    Plaintiffs have moved to dismiss Defendants' counterclaim against the '460 patent for lack of case or controversy. Any answer to allegations concerning the '460 patent will be made pursuant to Fed. R. Civ. P. 12(a)(4).

    42.    Defendants/Counterclaim-Plaintiffs are entitled to a judicial declaration that the manufacture, sale, offer for sale, use, or importation of Defendants/Counterclaim-Plaintiffs proposed rosuvastatin calcium product that is the subject of NDA No. 79-167 does not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid and enforceable claim of the '460 patent.

      **Answer:**    Plaintiffs have moved to dismiss Defendants' counterclaim against the '460 patent for lack of case or controversy. Any answer to allegations concerning the '460 patent will be made pursuant to Fed. R. Civ. P. 12(a)(4).

    43.    If any claim of the '460 patent is expanded under the doctrine of equivalents to include Defendants/Counterclaim-Plaintiffs proposed rosuvastatin calcium product, Defendants/Counterclaim-Plaintiffs are entitled to a judicial declaration that any such claim is invalid under 35 U.S.C. § 103.

      **Answer:**    Plaintiffs have moved to dismiss Defendants' counterclaim against the '460 patent for lack of case or controversy. Any answer to allegations concerning the '460 patent will be made pursuant to Fed. R. Civ. P. 12(a)(4).

           \*      \*      \*

Plaintiffs deny all remaining allegations not specifically admitted and deny that Defendants are entitled to the relief requested or to any relief at all.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment against Cobalt as follows:

(a)   dismissing Cobalt's counterclaims with prejudice;

(b)   finding that this is an exceptional case and granting AstraZeneca's reasonable attorney fees pursuant to 35 U.S.C. § 285; and

(c)   awarding Plaintiffs any further and additional relief as this Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully Submitted: |
|  |  |
|  | _/s/ Mary W. Bourke_ |
| Ford F. Farabow | Mary W. Bourke (#2356) |
| Charlie E. Lipsey | CONNOLLY BOVE LODGE & HUTZ LLP |
| York M. Faulkner | 1007 N. Orange Street |
| FINNEGAN, HENDERSON, FARABOW, | Wilmington, DE 19899 |
| GARRETT & DUNNER, L.L.P. | Telephone: (302) 658-9141 |
| 901 New York Avenue, N.W. | Facsimile: (302) 658-5614 |
| Washington, D.C. 20001 | mbourke@cblh.com |
| Telephone: (202) 408-4000 | *Attorneys for Plaintiffs* |
| Facsimile: (202) 408-4400 |  |

Henry J. Renk
FITPATRICK, CELLA, HARPER &
SCINTO
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 218-2100
Facsimile: (212) 218-2200

*Of Counsel for Plaintiffs,*
AstraZeneca Pharmaceuticals LP,
AstraZeneca UK Limited, IPR
Pharmaceuticals, Inc., and Shionogi Seiyaku
Kabushiki Kaisha


Dated: March 21, 2008

## CERTIFICATE OF SERVICE

I hereby certify on this 21st day of March, 2008 I electronically filed the foregoing PLAINTIFFS' REPLY TO DEFENSES AND COUNTERCLAIMS OF COBALT PHARMACEUTICALS INC. AND COBALT LABORATORIES INC. RELIEF with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

**Richard L. Horwitz**
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 N. Market St., 6th Floor
Wilmington, DE 19899
Phone: 302-984-6000
Fax: 302-658-1192
rhorwitz@potteranderson.com

The undersigned counsel further certifies that, on March 21, 2008, copies of the foregoing document were also served upon the following individuals in the manner indicated:

<u>**Via Email and Hand Delivery:**</u>
**Richard L. Horwitz**
**David E. Moore**
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 N. Market St., 6th Floor
Wilmington, DE 19899
Phone: 302-984-6000
Fax: 302-658-1192
rhorwitz@potteranderson.com
dmoore@potteranderson.com

<u>**Via Email and Federal Express:**</u>
**Steve A. Maddox**
**Jeremy J. Edwards**
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, DC 20007
Phone: 202-672-5300
Fax: 202.672.5399
smaddoz@foley.com
jjedwards@foley.com

**CONNOLLY BOVE LODGE & HUTZ LLP**

By: ___/s/ Mary W. Bourke___
**Mary W. Bourke (#2356)**
1007 N. Orange Street
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614
mbourke@cblh.com

600084