A CERTIFIED TRUE COPY
ATTEST

By April Layne on Jun 13, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**Jun 13, 2008**

FILED
CLERK'S OFFICE

**IN RE: ROSUVASTATIN CALCIUM
PATENT LITIGATION**                                                    MDL No. 1949

**TRANSFER ORDER**

**Before the entire Panel**: Plaintiffs AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals, Inc., and Shionogi Seiyaku Kabushiki Kaisha (collectively AstraZeneca) have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Delaware. This litigation currently consists of nine actions, seven actions in the District of Delaware and one action each in the District of New Jersey and the Middle District of Florida, as listed on Schedule A.

Mylan Pharmaceuticals Inc., which is a defendant in one of the Delaware actions, supports centralization, but asks that the Panel select either the District of New Jersey or the Middle District of Florida as transferee district. Aurobindo Pharma Limited and Aurobindo Pharma USA, Inc. (collectively Aurobindo), which are defendants in one of the Delaware actions and the New Jersey action, oppose centralization, as do Apotex Inc. and Apotex Corp. (collectively Apotex), which are defendants in one of the Delaware actions and plaintiffs in the Florida action. If the Panel orders centralization over these parties' objections, then Apotex urges that the Panel select the Middle District of Florida as transferee district, while Aurobindo asks that the Panel select a district with more favorable docket conditions than the District of Delaware.

On the basis of the papers filed and hearing session held, we find that these nine actions involve common questions of fact, and that centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All nine actions involve common factual allegations concerning U.S. Patent Nos. RE37,314 (the '314 patent) or 6,316,460 (the '460 patent), which are both listed in the Food and Drug Administration's register of pharmaceutical patents for AstraZeneca's Crestor drug. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

In opposition to centralization, Aurobindo and Apotex argue that alternatives to centralization are both available and preferable, and Apotex contends that the Florida lawsuit is a straightforward action involving only a declaratory judgment claim for non-infringement as to the '460 patent. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. Actions involving the validity of complex pharmaceutical patents and the entry of generic versions of the patentholder's drugs are particularly well-suited for transfer under Section 1407. *See, e.g., In re Brimonidine Patent Litigation,* 507 F.Supp.2d 1381, 1382 (J.P.M.L. 2007). The two patents

- 2 -

at issue both relate to AstraZeneca's Crestor drug, and centralization will place all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common parties and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions. *See In re Department of Veterans Affairs (VA) Data Theft Litigation*, 461 F.Supp.2d 1367, 1368-69 (J.P.M.L. 2006). Discovery with respect to any case-specific issues can also proceed concurrently with discovery on common issues. *See id.*

We are persuaded that the District of Delaware is an appropriate transferee district for pretrial proceedings in this litigation. Seven of the nine actions, including the first-filed actions, are already pending in that district, and in assigning the litigation to Judge Joseph J. Farnan, Jr. (who is already overseeing the seven Delaware actions), we are entrusting the docket to a jurist who has the experience to steer it on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the two actions listed on Schedule A and pending outside the District of Delaware are transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Joseph J. Farnan, Jr., for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |

**IN RE: ROSUVASTATIN CALCIUM
PATENT LITIGATION**                                          MDL No. 1949

## SCHEDULE A

District of Delaware

AstraZeneca Pharmaceuticals, LP, et al. v. Mylan Pharmaceuticals, Inc.,
 C.A. No. 1:07-805
AstraZeneca Pharmaceuticals, LP, et al. v. Sun Pharmaceutical Industries, Ltd., et al.,
 C.A. No. 1:07-806
AstraZeneca Pharmaceuticals, LP, et al. v. Sandoz, Inc., C.A. No. 1:07-807
AstraZeneca Pharmaceuticals, LP, et al. v. Par Pharmaceutical, Inc., C.A. No. 1:07-808
AstraZeneca Pharmaceuticals, LP, et al. v. Apotex, Inc., et al., C.A. No. 1:07-809
AstraZeneca Pharmaceuticals, LP, et al. v. Aurobindo Pharma Ltd., et al.,
 C.A. No. 1:07-810
AstraZeneca Pharmaceuticals, LP, et al. v. Cobalt Pharmaceuticals, Inc., et al.,
 C.A. No. 1:07-811

Middle District of Florida

Apotex, Inc. v. AstraZeneca Pharmaceuticals, LP, et al., C.A. No. 8:08-213

District of New Jersey

AstraZeneca Pharmaceuticals, LP, et al. v. Aurobindo Pharma Ltd., et al.,
 C.A. No. 3:07-6020